IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SHAWN LAMONT MANNON,<br><br>    Defendant. | 4:6CR3017<br><br>**ORDER** |

  The defendant has filed a second motion for release to a drug treatment program. His first motion requested a finding that he is indigent, and stated he and his family could "not readily afford the associated costs of Summit Care and Wellness Treatment and Counseling, P.C," the treatment plan to last 45-60 days with an approximate daily cost of $380.00. (Filing No. 109). When the court denied that motion for lack of any evidence of indigence, the defendant promptly filed the pending motion to enter a prepaid 30-day drug treatment program with a daily cost of $260 per day. The motion currently before the court states Defendant's family has prepaid $7800 for the treatment program.

  Based on his filed motions, Defendant's recommended treatment program was up to two months long at $380 a day if the government pays for it, but became 30 days long at $260 a day if the defendant pays for it. There is nothing of record explaining this transformation, or explaining how the defendant went from indigent to not indigent in less than ten days.

  The defendant's filings reflect an attempt to manipulate the court and the length and depth of any treatment program for purposes that have nothing to do with overcoming Defendant's drug addiction. The defendant has the burden of showing, by clear and convincing evidence, that his release will not pose of risk of nonappearance or a risk of harm to the public. He has failed to meet this burden. Accordingly,

  IT IS ORDERED that Defendant's second motion for release to treatment, (Filing No. 112), is denied.

August 9, 2015.            BY THE COURT:
                          *s/ Cheryl R. Zwart*
                          United States Magistrate Judge